Brian Brazier, Esq. (SBN: 245004)
**Price Law Group, APC**
8245 North 85th Way
Scottsdale, AZ 85258
T: (818) 600-5587
F: (818) 600-5464
E: brian@pricelawgroup.com

Lauren Tegan Rodkey, Esq. (SBN: 275830)
**Price Law Group, APC**
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
E: tegan@pricelawgroup.com

Attorneys for Plaintiff,
*Michele Turley-Jackson*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE TURLEY-JACKSON,<br><br>               Plaintiff,<br><br>v.<br><br><br>ALLIED INTERSTATE, LLC.,<br><br>               Defendant. | **Case No. 2:18-cv-8360**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>  1.  TCPA, 47 U.S.C. § 227 *et. seq.*<br>  2.  FDCPA, 15 U.S.C. § 1692 *et. seq.*<br>  3.  RFDCPA, Cal. Civ. Code § 1788 *et. seq.*<br>  4.  Intrusion Upon Seclusion<br>  5.  Cal. Civ. Code § 3294<br><br>(Unlawful Debt Collection Practices) |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Michele Turley-Jackson ("Plaintiff"), through her attorneys, alleges the following against Allied Interstate, LLC, ("Defendant" or "Allied"):

## **INTRODUCTION**

1.  Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.  Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

3.  Count III of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

4.  Count IV of Plaintiff's Complaint is based upon the Invasion of Privacy – Intrusion Upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to the reasonable person."

5. Count V of Plaintiff's Complaint is based upon Exemplary Damages, Cal. Civ. Code § 3284, which allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

## JURISDICTION AND VENUE

6. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

8. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

9. Plaintiff is a natural person residing in California.

10. Plaintiff is a "consumer" as defined by *15 U.S.C. § 1692a(3)*.

11. Plaintiff is a "debtor" as defined by *Cal. Civ. Code § 1788.2(h)*.

12. Defendant is a "debt collector" as defined by *15 U.S.C. § 1692a(6)*.

13. Defendant is a "debt collector" as defined by *Cal. Civ. Code § 1788.2(c)*.

14. At all relevant times herein, Defendant, Allied Interstate, LLC, was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. § 1692a(5).

15. Defendant is a debt collector with its principal place of business located in Plymouth, Minnesota. Defendant can be served with process through its designated agent, CT Corporation System, at 818 West Seventh Street, Suite 930,

COMPLAINT AND DEMAND FOR JURY TRIAL

Los Angeles, CA 90017.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

1. Defendant is attempting to collect an alleged debt from Plaintiff.

17. In or around December of 2017, Defendant began placing calls to Plaintiff's cellular phone number ending in 7631, in an attempt to collect an alleged debt.

18. The calls placed by Defendant mainly originated from (866) 466-4502. Upon information and belief, these phone numbers are owned, operated or controlled by Defendant or its agent(s).

19. On or about January 11, 2018, at 3:48 p.m., Plaintiff received a phone call from Defendant; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

20. During this conversation, Plaintiff spoke to a representative, Sonia, who indicated that Defendant was attempting to collect a debt; Plaintiff clearly stated to the representative that she wanted Defendant to stop calling her.

21. That request was ignored as Plaintiff continued to receive phone calls from the Defendant throughout the month of January 2018.

COMPLAINT AND DEMAND FOR JURY TRIAL

22. On or about February 12, 2018, at 8:29 a.m., Plaintiff received a call from Defendant; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

23. During this conversation, Plaintiff spoke to a representative, who indicated that Defendant was attempting to collect a debt; Plaintiff, for the second time, told the representative that she wanted the calls to her cell phone to stop.

24. There were several occasions where the Defendant called the Plaintiff multiple times in one day.

    a. On or about January 19, 2018 Plaintiff received three (3) calls from Defendant at 8:05 a.m., 9:38 a.m., and 1:06 p.m.;

    b. On or about January 23, 2018 Plaintiff received four (4) calls from Defendant at 8:16 a.m., 9:27 a.m., 10:59 a.m., and 12:00 p.m.;

    c. On or about February 9, 2018, Plaintiff received three (3) calls from Defendant at 8:16 a.m., 9:38 a.m., and 3:20 p.m.

25. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

COMPLAINT AND DEMAND FOR JURY TRIAL

26. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

27. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

28. Defendant attempted to predict when Plaintiff was available by calling her at 8:07 a.m. (January 16, 2018), 8:04 a.m. (January 17, 2018), 8:07 a.m. (January 18, 2018), 8:05 a.m. (January 19, 2018), and 8:16 a.m. (January 23, 2018).

29. The Defendant's conduct of attempting to predict when Plaintiff was available is further illustrated throughout the call history between December 2017 and February 2018.

30. Between January 11, 2018 and February 12, 2018, Defendant called Plaintiff approximately seventy-five (75) times.

31. Between December 2017 to February 12, 2018, Defendant called Plaintiff approximately one-hundred (100) times.

32. Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

33. The calls violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

a. Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt (15 U.S.C. § 1692d);

b. Using unfair or unconscionable means in an attempt to collect a debt (15 U.S.C. § 1692f);

c. Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (15 U.S.C. § 1692d(5));

d. Causing a telephone to ring repeatedly or continuously to annoy the person called (Cal. Civ. Code § 1788.11(d));

e. By collecting or attempting to collect a consumer debt and not complying with Sections 1692b to 1692j of the FDCPA (Cal. Civ. Code § 178817).

34. The conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

35. Further, the conduct was done with such frequency so as to harass Plaintiff.

36. Plaintiff works as a substitute teacher and as a tutor.

37. The repeated phone calls from Defendant would interrupt Plaintiff's work causing her to lose focus on her classes and her students.

38. Plaintiff also suffers from anxiety and depression and takes medication for these conditions.

39. Plaintiff has had to increase her medications to treat the ongoing stress, anxiety, and depression caused by Defendant's calls.

40. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, stress, anxiety, embarrassment, emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's

COMPLAINT AND DEMAND FOR JURY TRIAL

cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

43. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## <u>COUNT II</u>

### (Violations of the FDCPA, 15 U.S.C. § 1692)

44. Plaintiffs incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

45. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

   b.  Defendant violated 15 U.S.C. § 1692d by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c.  Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

46. Defendant's acts, as described above, were done knowingly and willfully.

47. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## **COUNT III**

**(Violation of the Rosenthal Fair Debt Collection Practices Act,
CAL. CIV. CODE § 1788)**

48. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

49. Defendant violated the RFDCPA. Defendants violations include, but are not limited to, the following:

   a.  Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b.  Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

i.   Defendants violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

ii.   Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

iii.   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

50. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

51. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT IV

### (Intrusion Upon Seclusion)

52. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

53. Restatement of the Law, Second, Torts § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another,

or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

54. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a.  Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b.  The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

   c.  Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's work schedule.

   d.  Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

55. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## COUNT V

### (Exemplary Damages – Punitive Damages)

56. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

57. Cal. Civ. Code § 3294(a) allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

58. Cal. Civ. Code § 3294(c)(1) defines "malice" as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard for the safety of others.

59. Cal. Civ. Code § 3294(c)(2) defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights."

60. Plaintiff is informed and believes that the aforesaid conduct was malicious and oppressive, as those terms are defined by Cal. Civ. Code §§ 3294(c)(1) and 3294(c)(2), as Defendant's conduct was done in complete conscious disregard of Plaintiff's rights.

61. Defendant was aware that Plaintiff had requested to not be called on her cell phone and Defendant continued its bombardment of harassing phone calls to Plaintiff in violation of the TCPA, FDCPA, RFDCPA and Plaintiff's privacy rights.

62. As a result of Defendant's conduct and violations, Defendant is liable to Plaintiff for punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Michele Turley-Jackson respectfully requests judgment be entered against Defendant, Allied Interstate, LLC, for the following:

A.  Declaratory judgment that Defendant violated the FDCPA and RFDCPA;

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D.  Cost and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

E.  Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

F.  Actual damages pursuant to Cal. Civ. Code §1788.30(a);

G.  Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

H.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

I.  Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a).

J.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

K.  Any other relief that this Honorable Court deems appropriate.


## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: September 27, 2018

By: /s/ *Brian Brazier*_____
Brian Brazier, Esq. (SBN: 245004)
**Price Law Group, APC**
8245 North 85th Way
Scottsdale, AZ 85258
T: (818) 600-5587
F: (818) 600-5464
E: brian@pricelawgroup.com
Attorneys for Plaintiff,
*Michele Turley-Jackson*